**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SERGIO CANDELARIO GARCIA DELGADO, | No.    21-1205 |
| Petitioner, | Agency No. A201-445-130 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2023
San Francisco, California

Before:  S.R. THOMAS, MILLER, and SANCHEZ, Circuit Judges.

Sergio Candelario Garcia Delgado, a native and citizen of Mexico, petitions

for review of a final order of the Board of Immigration Appeals ("BIA") affirming

an immigration judge's ("IJ") denial of his application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *De Leon v. Garland*, 51 F.4th 992, 999 (9th Cir. 2022) (quoting *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)). We review the factual determinations for substantial evidence. *Id.* "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

We grant the petition for review. Because the parties are familiar with the factual and procedural history of the case, we recount it here only as necessary.

1. Substantial evidence does not support the finding that there are serious reasons to believe Garcia Delgado committed a serious nonpolitical crime rendering him ineligible for asylum and withholding. *See* 8 U.S.C. §§ 1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii). The "serious reasons" standard is "tantamount to probable cause." *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011). Interpol Red Notices can support a finding of probable cause when buttressed by other evidence such as corroborating testimony and foreign arrest warrants. *See Villalobos Sura v. Garland*, 8 F.4th 1161, 1167–68 (9th Cir. 2021); *see also Gonzalez-Castillo v. Garland*, 47 F.4th 971, 978–79 (9th Cir. 2022)

2

(describing why "a Red Notice alone is ordinarily [in]sufficient to establish probable cause," but declining to adopt a per se rule).  Here, the record evidence indicating that Garcia Delgado committed a crime consists of a Red Notice, his testimony acknowledging he was in a relationship with the alleged victim and saw her on the day of her disappearance, testimony acknowledging he spoke to police about an investigation, and a letter from his attorney in Mexico confirming that the warrant referenced in the Red Notice was issued by a Judge in Nayarit.  Critically, the Nayarit arrest warrant is not in the record.  *See Gonzalez-Castillo,* 47 F.4th at 978 (declining to consider a foreign arrest warrant not in the record even where, as here, it was undisputed that the warrant was issued).  Without a corresponding arrest warrant to examine, the reliability of the Red Notice here cannot be determined as "its reliability corresponds with that of the foreign nation's arrest warrant."  *Villalobos Sura*, 8 F.4th at 1168.  And the Red Notice itself indicates Interpol was not provided a copy of the arrest warrant when the Notice was issued. Given the record evidence—a Red Notice unexaminable for reliability and Garcia Delgado's limited corroboration—substantial evidence does not support the conclusion that there are serious reasons to believe Garcia Delgado committed a serious nonpolitical crime. We grant the petition as to the applications for asylum and withholding of removal.

3

2. We also grant the petition for review of the BIA's denial of protection under CAT because the agency "failed to give reasoned consideration to key evidence." *Udo v. Garland*, 32 F.4th 1198, 1201 (9th Cir. 2022); *see Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.16(c)(3)). Applicants are entitled to CAT relief if they establish that they are more likely than not to be tortured by or at the acquiescence of a public official upon removal. *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013). The BIA does not need to discuss each piece of evidence in the record, but we grant petitions for review where the BIA fails to mention "highly probative or potentially dispositive evidence," *Plancarte Sauceda v. Garland*, 23 F.4th 824, 835 (9th Cir. 2022) (internal quotation marks and citation omitted), or shows "extreme selectivity" in how evidence is presented, *Davila v. Barr*, 968 F.3d 1136, 1143 (9th Cir. 2020).

Here, the BIA appears to have failed to consider evidence "highly probative" of both acquiescence and the likelihood of future torture.[1] The record does not indicate that the BIA or IJ considered the declarations and testimony alleging specific acts of collusion between the police and the cartel after Garcia Delgado was tortured and released. For example, there is evidence, including declarations

---

[1] The agency did not fail to consider expert testimony or country conditions evidence. Both the BIA and IJ referenced that evidence in their decisions and weighed it against other evidence in the record.

from neighbors, describing how the police and cartel conducted joint raids on Garcia Delgado's home and ranch. This evidence was "highly probative," as it credibly provided a basis for finding acquiescence to future torture entirely separate from the facts the agency did discuss. *See De Leon*, 51 F.4th at 1006 (additional incidents and threats made "torture by [police] officers more probable and should not have been ignored").

In finding that Garcia Delgado had not demonstrated a likelihood of future torture despite Garcia Delgado's past torture at the hands of the cartel, the BIA and IJ noted that Garcia Delgado was able to travel in Mexico for several months following his torture and release without suffering additional harm. However, both the BIA and IJ omitted that Garcia Delgado credibly testified that for much of this time he was tailed by a cartel agent and subjected to persistent threats against his and his family's lives. This context is highly probative of whether circumstances in Mexico have changed sufficiently to find that Garcia Delgado is no longer likely to face torture. *See Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005) (noting that "unless circumstances or conditions have changed significantly" a victim of past torture is likely to be tortured again); *see also De Leon*, 51 F.4th at 1008 ("[C]ontextual considerations pertinent to the likelihood of future torture" should not be disregarded.). Because the BIA failed to adequately consider highly

5

probative evidence, we grant the petition for review and remand for reconsideration.  *See De Leon*, 51 F.4th at 1003, 1008; *Udo*, 32 F.4th at 1207.

The motion for a stay of removal (Dkt. 2) is granted.  The stay of removal remains in place until the mandate issues.

**PETITION GRANTED, REMANDED.**